IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL RODRIQUEZ GARCIA, | ) | |
| AIS # 00302311, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 17-00214-CG-N |
| | ) | |
| KENNETH PETERS, *Warden,* | ) | |
| *Fountain Correctional Facility*, | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATIONS

This action is before Court on the operative petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 6; Doc. 1 at 23 - 110) filed by Petitioner Michael Rodriquez Garcia, an Alabama prisoner proceeding *pro se*.[1] The petition has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. *See* S.D. Ala. GenLR 72(b); (7/11/2017 electronic referral).

---

[1] Because Garcia's initial petition (Doc. 1) was not filed on the Court's form for § 2254 habeas petitions, the undersigned ordered Garcia to file a new petition using the proper court form, resulting in the operative petition. *See* Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. CivLR 9(a). Garcia was expressly informed that his "new petition will supersede his original petition filed on the § 2241 form" and that he should therefore "not rely upon his original petition," except for the exhibits (Doc. 1 at 23 – 110) attached to the original petition, which would be "deemed a part of Garcia's new petition…" (*See* Doc. 4 at 2).

The Respondent, through the Office of the Attorney General of the State of Alabama, timely filed an Answer (Doc. 13) to the operative habeas petition, asserting that the petition is due to be dismissed as procedurally defaulted. Having reviewed the petition, the Respondent's Answer, and the records from the state court proceedings, the undersigned agrees with the Respondent that Garcia has not exhausted any of the claims raised in his operative petition. Accordingly, the undersigned finds that Garcia's operative habeas petition (Doc. 6) is due to be **DISMISSED without prejudice** for failure to exhaust his state court remedies.

I. *Analysis*

a. **Failure to Exhaust**

Garcia challenges a criminal judgment handed down by the Circuit Court of Baldwin County, Alabama.[2] "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. The exhaustion doctrine, first announced in *Ex parte Royall,* 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), is now codified at 28 U.S.C. § 2254(b)(1)..." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999).[3] "Section 2254(c) provides that a habeas

---

[2] Because Garcia challenges a criminal judgment handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his habeas petition. *See* 28 U.S.C. § 2241(d).

[3] Generally, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the remedies available in the courts of

petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented.' ... Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 844-45.

The Respondent's Answer and attached state court records indicate that the Alabama Court of Criminal Appeals affirmed Garcia's conviction on direct appeal by memorandum opinion issued August 5, 2016 (Doc. 13-8 [Respondent's Ex. D]), and that Garcia did not seek certiorari review of that decision with the Alabama Supreme Court (*see* Doc. 13-9 [Respondent' Ex. E]). Garcia was required to do so in order to exhaust his state court remedies on direct appeal. *See Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("[T]here is no doubt that Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."). Garcia has also failed to exhaust his state court collateral review remedies available under Alabama Rule of Criminal Procedure 32, which permits an Alabama prisoner to petition for appropriate relief from his conviction on a number of grounds, including that "[t]he constitution of the United

---

the State…" 28 U.S.C. § 2254(b)(1)(A). Though certain exceptions to this rule exist, *see id.* § 2254(b)(1)(B), nothing in the record supports a determination that those exceptions apply in this case.

States…requires a new trial, a new sentence proceeding, or other relief." Ala. R. Crim. P. 32.1(a). The Respondent's Answer indicates that Garcia has never filed a Rule 32 petition in state court, and Garcia's operative petition (Doc. 6) does not represent otherwise.

"[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) (per curiam). Generally, if an Alabama prisoner has appealed his conviction to the Court of Criminal Appeals, he must file a Rule 32 petition "within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R. App. P." Ala. R. Crim. P. 32.2(c). Here, the Court of Criminal Appeals issued its certificate of judgment (Doc. 13-9) on November 16, 2016. Thus, as of the date of entry of this recommendation, Garcia still has approximately two months in which to timely file a Rule 32 petition with the Circuit Court of Baldwin County, Alabama,[4] by which he might then exhaust the present habeas claims. Accordingly, the undersigned will not treat Garcia's unexhausted claims as procedurally defaulted and instead finds that the present petition should be dismissed without prejudice so that Garcia may exhaust his claims through one complete round of state court review.[5]

---

[4] See Ala. R. Crim. P. 32.1 (Rule 32 petition must be filed with "the court of original conviction").

[5] Garcia, however, should be mindful of the one-year statute of limitations that applies to bringing federal habeas petitions. *See* 28 U.S.C. 2244(d)(1). While "a

### b. Certificate of Appealability

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

"A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337. Where, as here, habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

---

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" tolls the limitations period, 28 U.S.C. § 2244(d)(2), "the filing of a petition for habeas corpus in federal court **does not** toll the statute of limitations…" *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) (emphasis added).

find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon consideration, the undersigned finds that Garcia should be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas petition, as reasonable jurists would not find it debatable whether the Court was correct in its procedural ruling of dismissing Garcia's petition as unexhausted.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[6]

### c.  Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of

---

[6] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, it is clear that Garcia has failed to exhaust his state court remedies prior to bringing the present habeas petition. Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by

Garcia in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[7]

## II. *Conclusion*

In accordance with the foregoing analysis, it is **RECOMMENDED** that Garcia's operative petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 6) be **DISMISSED without prejudice** for failure to exhaust, that the Court find Garcia not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*, and that final judgment be entered accordingly in favor of the Respondent.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal

---

[7] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of September 2017.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**